### JOHN J. CRAWFORD v. MAY REDD.
#### No. 242.

MORTGAGE FORECLOSURE — *Tax-certificate Holder — Effect of Judgment.* Where the owner and holder of a mortgage and tax-sale certificate is made defendant in a foreclosure proceeding and he files an answer and cross-petition setting up his mortgage, but makes no claim for taxes, he cannot, after a judgment in foreclosure has been rendered, maintain an action in ejectment, based upon a tax deed, to recover the possession of the land sold under foreclosure proceedings.

Error from Ness district court; J. E. ANDREWS, judge. Opinion filed June 20, 1898. Reversed.

*H. F. Mason,* for plaintiff in error.

*N. H. Stidger,* and *Geo. S. Redd,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: In 1893 John J. Crawford commenced an action to foreclose a mortgage on certain real estate in Ness City, Kan., alleging as one of the grounds a breach of the condition of the mortgage, in that the defendants had failed to pay the taxes assessed against the premises for the years 1890, 1891, and 1892.

Ross Calhoun and Alice Calhoun, mortgagors, N.

C. Merrill, and the Merrill Trust Company, the owner of the tax-sale certificate, were defendants. The Merrill Trust Company appeared and answered, but set up no claim under the tax-sale certificate. A judgment in foreclosure was rendered and the land sold to John J. Crawford, the sale confirmed, and sheriff's deed issued, under which he claims title.

On the 2d day of March, 1894, before the judgment of foreclosure was rendered, the Merrill Trust Company sold and delivered to defendant in error the tax certificate. On the 28th day of September, 1894, after judgment and before foreclosure sale, the tax deed was issued to May Redd, defendant in error.

On the 11th day of March, 1895, May Redd, plaintiff below, commenced this action in ejectment against the plaintiff in error, John J. Crawford, to recover possession of the real estate sold under the mortgage, to which she held a tax deed and under which she claims title.

The principal question involved in this case is, the Merrill Trust Company having filed an answer and cross-petition in the foreclosure case, setting up its mortgage and failing to set up claim for taxes, Is not May Redd, who acquired the tax-sale certificate upon which her tax deed is based from the Merrill Trust Company during the pendency of the foreclosure action with full knowledge of all the facts, barred by the foreclosure proceedings from setting up any claim based upon the tax certificate or tax deed? We answer, Yes.

Where the owner and holder of a mortgage and tax-sale certificate is made defendant in a foreclosure proceeding and he files an answer and cross-petition setting up his mortgage, but makes no claim for taxes, he cannot, after judgment in foreclosure has

been rendered, maintain an action in ejectment, based upon a tax deed, to recover the possession of the land sold under the foreclosure proceedings.

The case will be reversed, and remanded for further proceedings in accordance with the views herein expressed.